IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEVELLE SINGLETON,

        Petitioner,

   v.

JEFF PREMO,

        Respondent.

Case No. 6:14-cv-01940-HZ

OPINION AND ORDER

HERNANDEZ, District Judge.

    Petitioner in this 28 U.S.C. § 2254 habeas corpus case was convicted of Murder in 1986 and sentenced to life in prison with a 25-year minimum. Respondent's Exhibit 101. The Oregon Board of Parole and Post-Prison Supervision ("Board") paroled petitioner in 1995, and ultimately set a tentative parole discharge date of November 21, 1996. Respondent's Exhibit 103, p. 118. At the time of his tentative parole discharge date, petitioner was living in Louisiana and monitored by the

1 - OPINION AND ORDER

Louisiana Department of Corrections ("LDOC"). On petitioner's tentative discharge date, the LDOC issued a Progress and Conduct Report notifying the Board that petitioner was behind in his supervision fees, had failed to report during the prior three months, and "has an attitude and does not deal well with authority." *Id* at 43. As a result, on December 9, 1996, the Board ordered a continuation of active supervision. *Id*. Petitioner claims the Board failed to notify him of that action,[1] and also failed to provide him with a hearing as required by law. Thereafter, the Board twice revoked petitioner's parole in 2000 and 2002, respectively, and he remains incarcerated in Oregon.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on December 14, 2014. On the first page of his Petition, petitioner purports to challenge the Board's January 19, 2011 decision deferring his release to parole. However, in his only ground for relief, petitioner asserts that the Board violated his right to due process "when it extended petitioner's parole without a hearing and took further actions without proper jurisdiction." Petition (#2), p. 6. In his supporting

---

[1] The court notes that even the LDOC did not receive the December 9, 1996 continuation of active supervision until January 22, 1999. Respondent's Exhibit 103, p. 43.

2 - OPINION AND ORDER

memorandum, petitioner does not challenge the Board's 2011 decision to defer his release to parole other than to argue that all Board actions since November 21, 1996 are invalid because the Board failed to lawfully extend his parole discharge date, leaving it without jurisdiction over him since that time.

Respondent asserts that petitioner failed to fairly present his due process claim to Oregon's state courts, and petitioner does not argue otherwise. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982) (requiring a habeas petitioner to present his claims to a state's highest court in order to preserve it for federal habeas review). Even assuming petitioner fairly presented such a claim for exhaustion purposes, he failed to timely file this case where his challenge is not to the 2011 hearing, but is instead to the Board's December 9, 1996 decision to extend his tentative parole discharge date beyond November 21, 1996 without affording him the due process protections to which he was allegedly entitled. See 28 U.S.C. 2244(d)(1) (petitioners have one year in which to file for habeas corpus relief).

Moreover, petitioner's due process claim is essentially duplicative of one he raised in federal court in 2004 where he alleged that the Board had been without jurisdiction to revoke his parole in 2002 because he was entitled to full parole

3 - OPINION AND ORDER

discharge on November 21, 1996. Judge Hogan, adopting Judge Coffin's Findings and Recommendation, concluded that petitioner not only failed to fairly present the due process issue to Oregon's state courts so as to preserve it for federal habeas corpus review, but also failed to timely file for habeas relief on this issue. *Singleton v. Belleque*, Case No. 04-cv-01790-TC. The Ninth Circuit Court of Appeals affirmed that decision in an unpublished opinion. 328 Fed. Appx. 431 (2009).

Where it is apparent that petitioner's due process claim is not properly before this court for adjudication, relief on the Petition is denied.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this **22** day of July, 2016.

*/s/ Marco Hernandez*
Marco A. Hernandez
United States District Judge

4 - OPINION AND ORDER